**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTINE J. MEYERS, | No. 17-35698 |
| Plaintiff-Appellant, | No. C16-5731-MAT |
| v. | MEMORANDUM[*] |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Mary Alice Theiler, Magistrate Judge, Presiding

Submitted August 9, 2018[**]

Before: TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Christine Meyers appeals the district court's affirmance of the

Commissioner of Social Security's denial of her application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. §

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ provided several specific, clear, and convincing reasons for discounting Meyers's testimony concerning the severity of her symptoms and limitations. *See Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ properly cited the lack of supporting objective medical evidence, inconsistencies and exaggerations in Meyers's statements, the fact that her symptoms improved with medication, inconsistencies between her alleged limitations and daily activities, and her inadequately explained minimal treatment. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012). Meyers advocates for an alternative interpretation of the evidence the ALJ cites but does not show the ALJ's interpretation is unreasonable. Therefore, we uphold the ALJ's decision. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Even if the ALJ erred in citing particular examples in support of discounting Meyers's testimony, any error was harmless, as the ALJ provided other valid examples. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

While Meyers challenges the ALJ's reliance on her lack of treatment for her alleged symptoms as grounds for according her testimony less weight, pointing to

SSR 96-7p, 1996 WL 374186 (1996), and asserting the ALJ must inquire why she did not obtain additional treatment, this argument mischaracterizes the language of the ruling. SSR 96-7p states "the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide," or other explanatory information in the record. The ALJ considered evidence that Meyers lacked funds for some treatment but concluded there was no evidence she sought additional treatment from low-cost clinics, concluding this suggested she did not require more treatment.

Although Meyers argues "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation," where, as here, the record does not indicate resistance to treatment stems from the claimant's mental health, it is "reasonable for the ALJ to conclude that the level or frequency of treatment [was] inconsistent with the level of complaints." *Molina*, 674 F.3d at 1114 (citation and internal quotation marks omitted).

Meyers's myriad challenges to the ALJ's evaluation of the medical evidence also lack merit. Meyers fails adequately to develop several of her arguments "specifically and distinctly," including those pertaining to the ALJ's assessment of evidence from Drs. Bailey, Stoilova, Zeris, Rubio, and Lampert, as well as physical therapist Mr. Sobie and nurse Ms. Rice as required to invoke the Court's

3

review. Meyers repeatedly asserts in declaratory language that the ALJ "failed to properly evaluate" or "improperly discredited" evidence from named sources. For such assertions to be cognizable on appeal, they must be accompanied by meaningful arguments other than that the disputed evidence is inconsistent with a claimant's testimony. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) ("We require contentions to be accompanied by reasons.") Although Meyers contends the ALJ erred by failing to acknowledge portions of the medical evidence support her testimony, "[t]he key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997). As the district court correctly noted, an ALJ need not discuss each piece of evidence in the record. *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). In fine, substantial probative evidence supports the ALJ's decision to deny Meyers's application.

Regarding Meyers's other challenges concerning the medical evidence, the ALJ's reasoning that the degree of anxiety Dr. Zeris found was not noted elsewhere in the record constitutes a specific and legitimate reason for discounting Dr. Zeris's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). The ALJ also properly discounted Dr. Woodrow's opinion, as an ALJ does

not err by not relying on a physician's opinion when the physician has not "assign[ed] any specific limitations on the claimant." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (citation omitted). Lastly, Meyers's assertions that the ALJ erred by affording great weight to Dr. Gaffield's opinion amount to advocating for an alternative interpretation of the evidence. The ALJ's interpretation of Dr. Gaffield's opinion was rational and supported by convincing reasoning. *See Ryan v. Comm'r Soc. Sec. Admin.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

**AFFIRMED.**